ROSENFELD & VALLEJO-JUSTE, LLP
Attorneys for Plaintiff
767 Third Avenue, 30th Floor
New York, New York 10017
Tel. No.: (212) 953-1600
Fax No.: (212) 953-1801

Attorney of Record:
    Steven E. Rosenfeld (SER 5961)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DANIEL RAFF,** | Civil Action No.: 2:23-cv-4414 |
| Plaintiff, | **AMENDED COMPLAINT AND JURY DEMAND** |
| -against- | |
| **GALYA RAFF BENAK,** | |
| Defendant. | |

### COMPLAINT

    Plaintiff, Daniel Raff, by and through his attorney, Steven E. Rosenfeld, Rosenfeld & Vallejo-Juste, LLP, 767 Third Avenue, 30th Floor, New York, NY 10017.

    For his Complaint against Defendant, Galya Raff Benak, individually, and as attorney-in-fact pursuant to a power of attorney executed in or about 2020, as Trustee of the Samuel Raff Trust and, upon information and belief, a Trustee of the Orah Raff Trust, Plaintiff, as a beneficiary of the Trusts created by Samuel and Orah Raff as Grantors, and on information and belief hereby alleges as follows:

### PRELIMINARY STATEMENT

    1.    This action results from the unlawful and improper management of a family trust

valued at approximately $4,000,000, whereby the Defendant, at various times as executor, trustee, and attorney-in-fact for the Parties' parents, Samuel and Orah Raff, breached her fiduciary duties to Plaintiff, a beneficiary of the trust created by Samuel Raff.

2.Over $2,420,000 of estate funds were converted by the Defendant Trustee, for her own use, whereby the Defendant was unjustly enriched, and Plaintiff was economically damaged. Defendant has secreted away and withheld all trust and estate documents and pertinent wills and refuses to provide any accounting to Plaintiff.

## JURISDICTION

3.This Court has diversity jurisdiction under 28 U.S.C. § 1332 over the claims and parties set forth herein. The matter in controversy exceeds $75,000.

## VENUE

4.Defendant does business within and has an office within the jurisdiction of this Court and a substantial part of the events or omissions giving rise to the causes of actions alleged herein took place within the jurisdiction of this Court.

## THE PARTIES

5.Plaintiff Daniel Raff resides in the State of New Jersey, County of Sussex at 20 Westbrook Lane, Newton, NJ 07860.

6.Defendant, Galya Raff Benak resides in the State of New York, County of Nassau, at 180 Redwood Drive, Roslyn, NY 11576. Upon information and belief, Defendant is a duly admitted attorney in the State of New York, NYSBN # 2550648, maintaining her office in the County of Nassau at 175 East Shore Road, Great Neck, NY 11023.

7.The Trusts were purportedly created by Samuel and Orah Raff, respectively, the father and mother of the parties in or about 2013.

8. The executor of both the parent's wills is Galya Raff Benak.

9. Upon information and belief, the Trustee of the Sam Raff Second Restated and Amended Revocable Trust Agreement is Defendant Galya Raff Benak.

10. Upon information and belief, the Trustee of the Orah Raff Revocable Trust is Defendant Galya Raff Benak.

11. At all times relevant, Defendant, Galya Raff Benak, acted under power of attorney for her father, Samuel Raff, and currently holds power of attorney on behalf of Orah Raff.

## FACTUAL BACKGROUND

12. Plaintiff and Defendant are siblings and the sole children of Samuel Raff and Orah Raff.

13. Per Section Two of Samuel Raff's Last Will and Testament ("the Will"), dated December 29th, 2020, the entirety of his estate was to be devised and bequeathed to the Sam Raff Second Restated and Amended Revocable Trust Agreement ("the Trust") which was executed on April 18th, 2013[1].

14. Plaintiff is not in possession of the aforementioned Trust agreement or any other estate documents, as the result of Defendant's concealment of such and all documents related to the estate.

15. Per Section Four of the Will, the appointed executors of the Will were Orah Raff and Galya Raff Benak. In the event that Orah Raff was unable or unwilling to serve as executor, Galya Raff Benak, was to serve as sole executor. In the event that Galya Raff Benak was unable or willing to serve as executor, Daniel Raff was to serve in her place as co-executor with Orah Raff, *or as sole executor*.

---

[1] A true and correct copy of the Will is attached hereto as Exhibit A.

16. Upon information and belief, Samuel and Orah Raff each formed Inter Vivos Trusts which named Daniel and Galya Raff as sole beneficiaries with their parent's intention being that all trust proceeds be distributed equally between the parties to this action upon the demise of the last surviving parent. All proceeds from the first decedent parent were to be used exclusively for the support and benefit of the surviving parent.

17. In 2020, the Parties agreed that a major decline in both Sam and Orah Raff's mental capacity and health necessitated their move into an assisted living facility. The Parties' parents had been exhibiting strange behavior indicative of mental decline. Orah Raff would drive to locations and then not know where she was, their electric tea kettle was being heated on the stovetop, and food was left for days uncooked in the oven among other incidents and conditions.

18. In 2020, Galya Raff Benak was granted power of attorney for the purpose of effectuating the Parties' parents' move into an assisted living facility in New York. As noted above, Defendant is a New York State licensed attorney, NYSBN # 2550648.

19. At that time, Plaintiff requested estate documents from Defendant which she agreed to provide, but never did despite repeated requests.

20. On April 30th, 2022, while assisting with their parents' move from their prior residence in Great Neck, New York, Plaintiff found that Defendant had broken the locks on one small file cabinet and a larger cabinet, and Defendant cleared out their contents. Plaintiff believes that these cabinets held the parents' will and trust documents[2]

21. In or about May 2020, Samuel Raff and Orah Raff moved into The Bristal Assisted Living at North Hills, 99 S Service Rd, North Hills, NY 11040 "the Assisted Living Home" where Samuel resided until his death and where Orah currently resides.

---

[2] A true and correct copy of photographs of the broken-into cabinets are attached hereto as Exhibit B.

22. Sometime in or about 2021, Samuel Raff was deemed incompetent, but had been suffering from a lack of capacity long prior to that date as noted above. Upon information and belief, there is a letter dated in or about 2021 on file with the Assisted Living Home, which Plaintiff is no longer in possession of, confirming the same.

23. Upon information and belief, Plaintiff and Defendant visited their parents regularly and were well aware of their mental and medical conditions maintaining regular contact with their medical professionals.

24. On numerous occasions, Defendant and Samuel Raff had heated verbal altercations. Aids at the facility and informed Plaintiff that Samuel Raff was often disturbed by Defendant's visits and would refuse her entrance and/or refuse to communicate with her while she visited. Plaintiff claims that there was no prior family history of Defendant having major disagreements with her father, but there was a prior history of her having major disagreements with her mother.

25. Between December 22, 2020 and March 30, 2021, checks totaling $1,818,592.93 from Samuel Raff's account x1772, were tendered to Galya Raff Benak and the same were deposited. The checks were written by Defendant, in her hand, and it is unclear as to whether Samuel Raff or Defendant signed the same[3]. Samuel Raff told the Plaintiff on several occasions, that he provided blank, signed, checks to Defendant for the purpose of effecting the parent's care.

26. Samuel Raff passed away on or about August 28th, 2022 while Plaintiff was visiting him.

27. On or about August 30th, 2022, Defendant called Plaintiff stating that she wished to downsize their parents' unit at the Assisted Living Home to a one bedroom and asked that Plaintiff assist with the move.

---

[3] A true and correct copy of the checks are attached hereto collectively as Exhibit C.

28. At that time, Plaintiff also discovered the copies of the checks outlined above. As Plaintiff did not have access to all of Samuel and Orah Raff's documents, the checks, upon information and belief, evidence only a portion of the funds improperly converted by Defendant in this or any manner.

29. Plaintiff immediately confronted Defendant asking why she had written such large checks to herself. She claimed that there was a "Biden estate law tax change" that necessitated the same and that all proceeds would be placed in a "safe bank account". Plaintiff pressed Defendant on the dubious claim before Defendant changed her story.

30. Defendant then stated to Plaintiff that she and her husband "wanted to give this money to our [own] children", "they're in a unique situation they're both in their 20s and unmarried" to which Plaintiff did not respond.

31. Defendant followed by stating that "these were his [Samuel's] wishes, besides he gave you money through the years and we feel this makes us even". Plaintiff was shocked as the family history always followed a practice of equal support of both siblings.

32. Also at issue, Plaintiff learned of a $605,000 dollar "loan" that the parents made to Defendant in or about December 2016 for the purpose of purchasing an apartment in New York City for *Defendant's daughter* ("the Apartment"). Defendant claimed that she borrowed the money as a result of an inability to take out another loan due to her purchase of another investment property. However, that property has since been retitled in Defendant's name.

33. On December 22nd, 2016, under Samuel Raff's name, Defendant purchased the Apartment located at 25 West 13th Street, Unit 6GS, New York, NY for $605,000 with the proceeds of that "loan".

34. Per the NYC Department of Finance Office of the City Register Recording and

Endorsement Cover Page recorded/filed on May 10th, 2023, Samuel Raff was the owner of the Apartment from the time of purchase until April 14th, 2021, at which time Defendant transferred the title into her own name[4].

35. Orah Raff, while still living, suffers from severe dementia which began in 2018. Both Plaintiff and Defendant visit their mother regularly and are well aware of her condition and maintain regular contact with her Assisted Living Home caretakers and medical professionals.

## GENERAL ALLEGATIONS

36. While acting as attorney-in-fact for her father, Defendant owed Samuel Raff a fiduciary duty to put her father's interests before her own.

37. Defendant breached this duty where she engaged in self-dealing transactions, converting funds by writing herself checks from her father's account in the amount of, at least, $1,818,592.93 and providing a zero-interest loan to her daughter in the amount of $605,000.

38. Defendant failed to disclose the use of said funds to her father or any named beneficiaries of the Will or Trust including Plaintiff.

39. When she was confronted by Plaintiff, Defendant stated that she had indeed used the funds for her own purposes, unilaterally deciding that removing the funds from the estate would make the Parties "even" as more fully stated above.

40. Further, a condominium which Samuel and Orah Raff owned was sold on or about 2022 for over $300,000. Defendant has given Plaintiff no explanation as to where those funds were allocated.

41. The converted funds were intended to provide for Samuel and Orah Raff's continued medical care and any remainder was intended to fund Samuel's Trust which was to pass

---

[4] A true and correct copy of the NYC Department of Finance Office of the City Register Recording and Endorsement Cover Page is attached hereto as Exhibit D

7

to the Parties in equal measure.

42. Prior to Samuel Raff's death, Defendant represented that she would provide all estate and trust documents to Plaintiff, but has failed to do so despite repeated requests.

43. Subsequent to Samuel Raff's death, Defendant accessed her parent's assisted care residence and removed all wills, trusts, and other estate documents from locked cabinets.

44. At the time of Samuel Raff's death, Defendant assumed her role as Trustee, at which time she owed a fiduciary duty to the beneficiaries of the Trust, with the exception of herself, Orah Raff, and Plaintiff.

45. Defendant breached this duty where she has failed to properly probate Samuel Raff's Will and has not provided any documentation with regard to the Trust and/or any accounting of the estate to Plaintiff, let alone the funds to which Plaintiff is justly entitled. Upon information and belief, Defendant continues to remove trust assets to her own benefit.

## COUNT I - BREACH OF FIDUCIARY DUTY

46. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "45", as though more fully set forth herein and incorporates them by reference.

47. A fiduciary relationship existed between the Parties by virtue of Plaintiff's positions of authority, her status as an attorney-in-fact, and her conduct at all times relevant herein.

48. The Defendant acted with reckless indifference toward Plaintiff, Samuel Raff, and Orah Raff and breached her fiduciary duty by putting her own interests ahead of the interests of the aforementioned persons, by engaging in self-dealing whereby she removed in excess of $2,420,000 which was intended to fund the Trust after Samuel Raff's demise, converting the same for her own use.

49. The responsibilities attendant to a fiduciary role include acting with the utmost care,

loyalty, and good faith toward the principal, and always placing the principal interests ahead of her own interests, avoiding all conflicts of interest.

50. As a duly licensed New York State attorney, Defendant has an even higher degree of "moral culpability" (see, for example, *Stein v. McDowell*, 905 N.Y.S.2d 242, 245 (2d Dep't 2010); *Padilla v. Vercsky-Porter*, 885 N.Y.S.2d 843, 846 (4th Dep't 2009)).

51. A fiduciary relationship existed between Defendant and Samuel Raff while she exercised power of attorney, ostensibly on his behalf. Defendant owed her father a duty to act in good faith and in his best interests, and to deal with him honestly and with the utmost good faith. Further, Defendant owed Plaintiff and Samuel Raff a duty to act in accordance with Samuel Raff's reasonable expectations. She was fully aware that Samuel Raff intended that his money would be used to support the parents and fund the Trust in which the Parties to this action were equal beneficiaries. Defendant was also obligated to keep records and accounting of all transactions made on behalf of Samuel Raff.

52. While exercising her power of attorney in the management of Samuel Raff's assets, Defendant knowingly, willfully and in bad faith, breached her fiduciary duty to Samuel Raff and his successors in interest by engaging in the self-dealing transactions outlined herein. N.Y. Gen. Oblig. Law § 5-1506, which prohibits an attorney-in-fact from receiving compensation from the assets of the principal for the for the responsibilities performed under a power of attorney except where the power of attorney document explicitly provides for such compensation which it does not have.

53. Further, in the absence of explicit, written permission, the attorney-in-fact is prohibited from making gifts to herself or to family members of the principal, per GOB § 5-1514. To the extent that such gifts were authorized, they exceeded the statutory limitation of twice the

9

Internal Revenue Service's gift tax exclusion amount. Defendant wrote herself checks in excess of $1,800,000 and caused the principal to make an interest free loan to Defendant's daughter in the amount of $605,000.

54. A fiduciary relationship currently exists between Defendant and her mother, Orah Raff, whereby Defendant owes her a duty to act in good faith and in her mother's best interests, and to deal with her honestly and with the utmost good faith.

55. Upon information and belief, Defendant continues to breach her duties to Orah Raff and her successors in interest, engaging in self-dealing transactions.

56. As Executor of Samuel Raff's Will, Defendant owed a fiduciary duty to the beneficiaries of the Sam Raff Second Restated and Amended Revocable Trust Agreement which was executed on April 18th, 2013. A fiduciary relationship existed between Defendant and Plaintiff where Plaintiff is a named, and equal, beneficiary of the Trust for which Plaintiff serves as Trustee.

57. Defendant breached her duty where she never properly probated Samuel Raff's Will subsequent to his death on August 28th, 2022.

58. Defendant further breached her duty where she failed to properly transfer assets into the Trust and provide accounting to the beneficiaries of that Trust. Defendant has made no distributions from the Trust to Plaintiff.

59. Additionally, Defendant breached her duty where she removed assets from the estate of Samuel Raff in anticipation of his death, converted the funds for her own use and to provide a loan she claimed was on behalf of her daughter.

60. Plaintiff Daniel Raff has been damaged by the actions outlined herein in the amount of no less than $2,420,000, or an amount to be proven in Court.

**COUNT II - CONVERSION**

61. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "45" and "47" through "60", as though more fully set forth herein and incorporates them by reference.

62. Plaintiff holds a valid interest as a named beneficiary of the Trust.

63. Defendant exercised control over Plaintiff's share of the Trust Res without lawful justification or permission removing said property for her own use and continuing to withhold Plaintiff's rightful share of the Trust proceeds. Defendant circumvented her obligations as Executor of the Estate of Samuel Raff by not submitting his Will to Probate. Defendant has clearly interfered with Plaintiff's right to ownership and possession.

64. Defendant acted with the intent to interfere with the Plaintiff's property rights. This is especially evidenced by her messages to Plaintiff outlined above which explicitly stated that she wished to keep the money to satisfy Defendant's own concept of fairness against the language of the Trust and against Samuel Raff's expressed desires known to all Parties to this action.

65. Defendant's interference is significant and substantial, and her actions were and continue to be extreme and outrageous.

66. Plaintiff is entitled to punitive damages in an amount sufficient to deter and punish Defendant for their egregious conduct as alleged herein. This is especially appropriate as Defendant is a licensed attorney in New York State.

67. By reason of the foregoing, and as a proximate result thereof, Plaintiff has been damaged through Defendant's systematic fleecing of Samuel Raff's estate in the amount of, at least, $2,420,000, or an amount to be proven in Court.

### COUNT III - UNJUST ENRICHMENT

68. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through

"45", "47" through "60", and "62" through "67", as though more fully set forth herein and incorporates them by reference.

69. Defendant has been unjustly enriched by the wrongful and fraudulent acts alleged herein. Defendant has usurped Plaintiff's lawful rights and interests in the Trust, to his detriment and for her exclusive benefit, by surreptitiously transferring funds for no consideration so as to ensure the complete divestiture of Plaintiff's interests for her exclusive benefit.

70. Defendant has been unjustly enriched and, in equity and good conscience, she should not be permitted to cause further damage to Plaintiff.

71. By reason of the foregoing, and as a proximate result thereof, Plaintiff has been damaged through Defendant's actions in the amount of no less than $2,420,000, or an amount to be proven in Court.

### COUNT IV - PRELIMINARY INJUNCTION

72. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "45", "47" through "60", "62" through "67" and "69" through "71", as though more fully set forth herein and incorporates them by reference.

73. Plaintiff lacks an adequate remedy at law.

74. By reason of the foregoing, Plaintiff is entitled to a judgment preliminarily restraining and prohibiting Defendant from taking any action to further remove estate res except in such cases where the same is necessary and proper for the care of Orah Raff, pending a court order that sets forth the terms of a just and equitable distribution of the Trust as contemplated by the Grantor.

### COUNT V - A LEGAL ACCOUNTING

75. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through

"45", "47" through "60", "62" through "67", "69" through "71" and "73" through "74", as though more fully set forth herein and incorporates them by reference.

76. Defendant is responsible as attorney-in-fact, Executor of the Will, and Trustee of the Trust, and she owed a duty to provide a proper accounting to Plaintiff and to submit the Will to probate.

77. Despite the Defendant's repeated promises to provide the same, and Plaintiff's numerous requests, Defendant persists in her refusal to provide documentation, and as outlined herein, has actively concealed the same.

78. Defendant must provide all estate documents and records or all transactions, including the sale of any property, which she effectuated pursuant to her power of attorney for Samuel Raff, and under color of her position of executor and trustee.

**WHEREFORE**, Plaintiff Daniel Raff, respectfully requests that this Court to enter judgement against the Defendant as follows:

A. On and for COUNT I (Breach of Fiduciary Duty), awarding compensatory damages no less than the estimated amount of $2,420,000, and punitive damages in the maximum amount allowed by law. Punitive damages are to be determined by a fact-finder, on the basis of defendant's willful and deliberate unauthorized use and/or unlawful possession and/or retention of proceeds;

B. On and for COUNT II (Conversion), awarding compensatory damages no less than the estimated amount of $2,420,000;

C. On and for COUNT III (Unjust Enrichment), awarding compensatory damages no less than the estimated amount of $2,420,000;

D. On and for COUNT IV (Preliminary Injunction), enjoining Defendant from further interference with Trust property not in accordance with medical and maintenance costs

necessary for the care of the Parties' mother, Orah Raff.

  E.  On and for COUNT V (Accounting), a full accounting of all transactions effectuated by Defendant in her capacity as attorney-in-fact for the Parties' parents, as executor of the Will, and trustee of the Trust, and production of all estate documents to which Plaintiff is entitled;

  F.  Plaintiff's attorney fees and legal costs of suit;

  G.  Interest at the legal rate; and

  F.  Such other and further relief as the Court deems just and proper.

Dated: June 15, 2023

            Respectfully submitted,

            ROSENFELD & VALLEJO-JUSTE, LLP

            By: _____
            Steven E. Rosenfeld, Esq. (SER 5961)
            Partner, Rosenfeld & Vallejo-Juste, LLP
            *Counsel for Plaintiff*
            767 Third Avenue, 30th Floor
            New York, NY 10017
            212-953-1600